IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

PAUL THEIN,

       Plaintiff,                   No. 2:06-CV-1777 KJM GGH

    v.

FEATHER RIVER COMMUNITY COLLEGE,

       Defendant.
                            /

MICHELLE JAUREGUITO,

       Plaintiff,                   No. 2:06-CV-2687 KJM GGH

    v.

FEATHER RIVER COMMUNITY COLLEGE,

       Defendant.
                            /

LAUREL WARTLUFT,

       Plaintiff,                   No. 2:07-CV-2023 KJM GGH

    v.

FEATHER RIVER COMMUNITY       <u>ORDER</u>
COLLEGE,

       Defendant.
                            /

1

1    On October 7, 2011, this court granted the motion for summary judgment brought by defendant Feather River Community College ("Feather River" or "defendant") against plaintiffs Thein, Jaureguito and Wartluft. Consequently, the court dismissed plaintiffs' federal claims and, in its discretion, declined to exercise pendant jurisdiction over plaintiffs' remaining state-law claims. Defendant timely submitted Bills of Costs totaling $22,275 for plaintiff Thein, $22,521 for plaintiff Jauregito and $20,599 for plaintiff Wartluft; the bills seek an award of one-third of the common costs from each plaintiff. Plaintiffs object on the grounds that defendant's costs include undocumented expenses and items not necessary for litigation of this case and are unreasonable. As plaintiffs' objections and the responses to the objections are the same for each of the three cases captioned above, the court will cite only to the objections and the response in the Thein case.

For the reasons discussed below, the court grants defendant's motion in part.

I.  TAXATION OF COSTS

Rule 54(d) of the Federal Rules of Civil Procedure provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." FED.R.CIV.P. 54(d)(1). "Rule 54(d) creates a presumption for awarding costs to prevailing parties; the losing party must show why costs should not be awarded." *Save Our Valley v. Sound Transit*, 335 F.3d 932, 944–45 (9th Cir. 2003). "A district court need not give affirmative reasons for awarding costs; instead, it need only find that the reasons for denying costs are not sufficiently persuasive to overcome the presumption in favor of an award." *Id.* at 945.

Title 28 U.S.C. § 1920 enumerates the expenses a federal court may tax as costs under Rule 54(d). *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441–45 (1987). Although a district court has broad discretion to allow or disallow a prevailing party's recoupment of the ordinary costs of litigation, the court may not rely on that discretion to tax costs beyond those authorized by § 1920. *Id.; see also Frederick v. City of Portland*, 162 F.R.D.

139, 142 (D.Or. 1995). Nevertheless, courts are free to construe the meaning and scope of the items enumerated as taxable costs in § 1920. *Alflex Corp. v. Underwriters Lab., Inc*., 914 F.2d 175, 177 (9th Cir.1990) (per curiam).

II. <u>ANALYSIS</u>

    A. Transcripts

        Plaintiff contends that defendant has billed improperly for transcripts from the State Personnel Board (SPB) hearing and the transcript of a deposition in an unrelated case not involving any of the parties in this case; that defendant double billed for some deposition and hearing transcripts; that defendant submitted bills for "unknown charges" related to the SPB hearing and deposition transcripts; that defendant seeks costs for video depositions; and that defendant seeks costs for expedited transcripts.

        i. Transcripts of State Personnel Board Hearing and Depositions

        "Fees for printed or electronically recorded transcripts necessarily obtained for use in the case" are recoverable as costs. 28 U.S.C. § 1920(2). *See Crane-McNab v. County of Merced*, No. CIV. 1:08–1218 WBS SMS, 2011 WL 794284, at *2 (E.D. Cal. Mar. 1, 2011). Plaintiff contends that transcripts from the SPB hearing had no bearing on the outcome of this case and, therefore, fall outside of the costs permitted under §1920(2). Defendant recognizes that ordinarily transcripts from one case would not be permissible costs in a different case, but argues that the situation is different here because the parties were involved in three cases pending simultaneously: an administrative hearing before the SPB, a state case in Superior Court, and the instant case.

        Defendant avers that the transcripts from the SPB hearing and depositions taken in preparation for that hearing were used and relied upon by both parties in their briefs to the SPB. Def. Resp. to Pl. Obj. at 4, ECF No. 78. Defendant further contends that because the SPB hearing and deposition transcripts were used in the resolution of the SPB action, and because the SPB result was the basis for the district court's grant of summary judgment, these transcripts

were "necessarily obtained" for use in the district court case. ECF No. 78 at 4. Defendant relies on the parties' stipulation to the use of all discovery taken in all three matters, federal, state, and administrative, which provides in part that "[t]he parties stipulate and agree that . . . depositions taken, in related state court proceedings between, or with, any of the same parties in state court, before administrative agencies, and in the related case to be filed in this Court, shall be used and treated for all purposes as if the discovery had been conducted and the depositions taken in this case." ECF No. 9 at 4. The stipulation does not explicitly mention costs.

In *Competitive Technologies v. Fujitsu Ltd.*, another district court held: "[t]o the extent an award of costs may be allowable under some circumstances on the basis of agreement between the parties, there is no agreement here that would allow for such an award. Specifically, the [court order] cited by [defendant] contain[s] no express, or even implied agreement to include the costs incurred in the [administrative proceeding] as costs in this action." No. C–02–1673 JCS, 2006 WL 6338914, at *5 (N.D. Cal. Aug. 23, 2006). In *Fujitsu*, the parties agreed to share discovery taken in a federal case and a parallel administrative proceeding. Despite this, the court was unwilling to find an implicit agreement to award costs for materials obtained in connection with the administrative proceeding where no explicit agreement existed. This court finds *Fujitsu* persuasive and does not approve taxation of the costs of the transcripts from the SPB hearing.

ii. Deposition in an Unrelated Case

Plaintiff claims that defendant improperly submitted a bill for a deposition taken in an unrelated case. Plaintiff does not identify the deposed person by name, but cites to a filing on the docket, ECF No. 72 at 29. From this, it appears that defendant submitted a bill for the deposition of Ellis Wladislaw, M.D., who was deposed in "Coughran, Elain vs. Beatty, Lance." In reply, defendant cites to a different page of the bill, ECF No. 59 at 27, and states that every bill submitted was for an individual properly deposed in the course of this litigation. ECF No. 78 at 4. Defendant does not discuss Dr. Wladislaw or explain the reference to a wholly different

case and its relation, if any, to these three cases.

"Costs for depositions transcripts and transcripts from other court proceedings are taxable only if they were 'necessarily obtained' for use in the case." *Terry v. Allstate Ins. Co.*, No. Civ. S-05-2261 RRB DAD, 2007 WL 3231716, at *3 (E.D. Cal. Nov. 1, 2007). In addition "[i]f the depositions are for investigatory or for discovery purposes only, rather than for presentation of the case, courts have found that they are not taxable. . . .Where a motion for summary judgment is granted, 'whether [the cost of a deposition] can be taxed is generally determined by deciding whether the deposition reasonably seemed necessary at the time it was taken.'" *Gregorie v. Alpine Meadows Ski Corp*. No. CIV. S–08–259 LKK/DAD, 2011 WL 590605, at *2 (E.D. Cal. Feb. 10, 2011) (internal quotations and citations omitted).

Defendant avers that the discovery included "the deposition of numerous witnesses who were questioned about all three related cases to the extent of their personal knowledge." ECF No. 78 at 3. Nevertheless, defendant has failed to demonstrate that the deposition plaintiff objects to was "necessarily obtained" for use in this case; in fact, the supporting documents show that Dr. Wladislaw was deposed in connection with a completely different case. The court will not approve costs relating to the deposition of this witness.

iii. Multiple Copies of Transcripts

Plaintiff contends that defendant double-billed for some of the hearing transcripts from the SPB hearing as well as for some of the deposition transcripts from the hearing. ECF No. 73 at 3. Defendant responds that it did not double bill; however, because defendant was represented by two law firms, "it was necessary and prudent for [it] to order an original and two copies of each deposition taken." ECF No. 78 at 5. Neither §1920(2), nor Rule 292 of the Local Rules for the Eastern District of California, specifies the permissible number of copies a party may include in a Bill of Costs. Few cases have addressed this issue; however, at least one case suggests that a party may tax costs for only one hard copy of a transcript. *See McKesson Info. Solutions, Inc. v. Bridge Med., Inc.*, No. CIV. S-02-2669 FCD KJM, 2007 WL 1139557, at *1

5

(E.D. Cal. Apr. 17, 2007) (stating that an invoice listing an "original and one copy was properly divided in half); *see also Cargill Inc. v. Progressive Dairy Solutions, Inc*., No. CV–F–07–0349 LJO–SMS, 2008 WL 5135826, at *4 (E.D. Cal. Dec. 8, 2008) (stating that a party is entitled to an original and one copy of a deposition where the additional copy was obtained at no extra charge). Other courts have said that "courts may not tax the costs of transcripts of depositions provided merely for the convenience of the requesting attorney." *Barber v. Ruth*, 7 F.3d 636, 645 (7th Cir. 1993), *superseded on other grounds by rule,* FED. R. CIV. P. 30(b). In this case, defendant has not shown why the two copies of the deposition transcript were "necessarily obtained for use in the case" but rather only that it was convenient to have two. 18 U.S.C. § 1920(4). Defendant will be allowed the cost of the original deposition transcript of each witness only.

     iv. Cost for Stenographic and Video Copies of Same Deposition

In 2008, Congress amended 28 U.S.C. § 1920, which now permits taxation of "fees for printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920(2). Here it does not appear that defendant is seeking to bill for both stenographic and videographic copies of the same deposition. The bill for video depositions will be allowed.

     v. Expedited Transcripts

Plaintiff contends that defendant should not be permitted to recover costs for expedited transcripts because "[d]efendant provide[d] no documentation to show why expedited transcripts were necessary." ECF No. 73 at 4. Defendant responds that the expedited copying of the exhibits from the SPB hearing was necessary "to ensure that [it] had a correct copy of the evidence to date in order to impeach witnesses, refresh recollections and not to duplicate evidence that had already been submitted." ECF No. 78 at 6.

Courts generally conclude that the costs of expedited transcripts should not be allowed as a matter of course, but may be permitted upon a showing of necessity. *See Kalai v.*

*Hawaii*, Civil No. 06–00433 JMS–LEK, 2009 WL 2224428, at *11 (D. Haw. Jul. 23, 2009) (disallowing cost for expedited deposition transcript where party failed to make a showing of need), *recommendation adopted by* 2009 WL 2516359 (Aug. 13, 2009); *Meier v. United States*, No. C 05–04404 WHA, 2009 WL 982129, at *2 (N.D. Cal. Apr. 13, 2009) (permitting the cost for expedited transcript in order to accommodate deposition schedule plaintiff requested). In this case, it appears that any expedited transcripts were used only in the SPB hearing, not in this litigation. The cost is disallowed.

B. Witness Fees

Plaintiff objects to $817 in witness fees claimed by defendants in connection with the SPB hearing. Plaintiff contends that because the witness testimony was not necessary for the resolution of the federal case, these costs should not be permitted. ECF No. 72 at 4. Plaintiff also argues that defendant's lodging costs for witnesses were unreasonable and included two no-shows where the witness did not even stay at the hotel but the hotel billed for the night. *Id*. Defendant argues that the witness testimony was relied upon by the SPB in reaching its resolution, and that this court in turn relied upon the resolution reached by the SPB. ECF No. 78 at 6-7. It also argues that the lodging expenses were reasonable.

Although there is no blanket prohibition on awarding costs incurred in connection with related litigation, defendant has not demonstrated here how the particular witnesses' testimony, rather than the result of the SPB proceeding, were tied to this court's resolution of the questions presented. *Gulfstream III Assoc., Inc. v. Gulfstream Aerospace Corp*., 995 F.2d 414, 420 (3d Cir. 1993). As the court disallows this portion of the claimed costs, it need not consider whether the expenses were otherwise reasonable.

C. Exemplifications and Copies

"Under 28 U.S.C. § 1920(4), the fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case are taxable as costs. Similarly, under Local Rule 292(f)(5) [(E.D. Cal.)], [f]ees for exemplification and

7

1 copies of papers necessarily obtained for use in the action are taxable costs." *AmeriPride*
2 *Services, Inc. v. Valley Indus. Service, Inc.*, No. CIV. S–00–113 LKK/JFM, 2012 WL 1641749,
3 at *3 (E.D. Cal. May 9, 2012) (internal quotations marks omitted). "[T]he Ninth Circuit has held
4 that, as long as the items fall within the taxable costs of § 1920 and any applicable Local Rule,
5 the cost is permissible." *Tubbs v. Sacramento Cnty. Jail*, 258 F.R.D. 657, 660 (E. D. Cal.2009)
6 (citing *Aflex Corp. v. Underwriters Lab., Inc*., 914 F.2d at 177).

7 Here, defendant seeks $3,391 in fees for exemplification and copies it claims
8 were obtained for use in this case. Plaintiff correctly points out that defendant does not provide
9 any documentation with its bill to support the amount requested. Plaintiff cites *English v.*
10 *Colorado Department of Corrections*, 248 F.3d 1002, 1013 (10th Cir. 2001), which denied costs
11 to a prevailing party where the party provided only a "list of [the] names of the[] service
12 providers, the amounts paid, and a blanket assertion that the costs incurred are among those
13 allowed under
14 § 1920."

15 In response, defendant provides the Declaration of Jennifer L. Hippo, who
16 proffers documentation of copy costs totaling $2,266.99. ECF No. 78-1, Ex. 2. Of this amount,
17 $913.86 is identified with a date, a dollar amount, and the accompanying text "Photocopying
18 Charges for this period;" with other expenses identified on a separate sheet as "In House
19 Photocopy Costs;" costs for copies of medical records and copies of records from Don Huggins,
20 Ph.D., along with costs for copies of records from the SPB, from PACER, and for an incident
21 report from the Plumas County Sheriff. ECF No. 78-1 at 35. Defendant contends that the
22 "redacted billing statements . . . show sufficient information demonstrating that the expense of
23 copying documents was the result of numerous motions, legal briefing, and the State Personnel
24 Board hearing." ECF No. 78 at 7-8.

25 Despite defendant's protestations, the information provided is not sufficient to
26 show that the copies made were "necessarily obtained for use in this case." Not only does the

requested amount of $3,391 not match up with billing statements, but the defendants also fail to show which copying costs were expended in which case, administrative, state, or federal. Moreover, as in another case in this district, "[w]hile defendants contend that some of these copies were made pursuant to plaintiffs' requests and some were made in an effort to pursue informal resolution of the case, it is not clear which, if any, of these copies were made for the purpose of presenting any argument to the court or complying with discovery requests." *Yeager v. Bowlin*, No. CIV. 2:08-102 WBS JFM, 2010 WL 716389, at *3 (E.D. Cal. Feb. 26, 2010; *see also Ferreira v. M/V CCNI Antofagasta*, No. 2:04-cv-1916-MCE-DAD, 2007 WL 3034941, at *2 (E.D. Cal. Oct. 16, 2007) ("The mere recitation of the phrase 'necessarily incurred,' as Plaintiff has done in his Bill of Costs, is not sufficient to meet the requirements of Section 1920 and the supporting authorities."). The court disallows all the costs for copies and exemplification.

D. Other Costs

Plaintiff objects to defendant's "other costs" in the amount of $377. These costs are listed as "Capitol: Binding, copies, etc. re: Rule 26 Disclosure" and "Capitol: Binding, copies, etc. re: Depositions," and supported by invoices attached to the Bill of Costs. *See* ECF 72, Ex. C. Regarding the binding and tabs included in this category, there is no showing that either of these claims come within the parameters of the Local Rules or 28 U.S.C. § 1920. *Cf. MEMC Elec/Materials v. Mitsubishi Materials*, No. C–01–4925 SBA (JCS), 2004 WL 5361246, at *12 (N.D. Cal. Oct. 22, 2004), *adopted as modified by* 2004 WL 5363614 (N.D. Cal. Nov. 22, 2004) (finding that cost of tabs cannot be taxed where they are not authorized by Local Rules).

Defendant also claims costs for CD duplication and the expenses identified as "Heavy Litigation" and "Light Litigation Copies." ECF 72, Ex. C. Defendant avers that "most of these documents were transmitted to plaintiff through discovery." ECF No. 78 at 8. Furthermore, defendant claims that the "Heavy Litigation" copies made on January 7, 2007, were in connection with its Rule 26 disclosure, and that the "Light Litigation Copies" made on

1  March 8, 2010, "were done in response to Plaintiff's request for production of documents." *Id*.
2  These costs are taxable. *See Tahoe Tavern Prop. Owners Ass'n v. U.S. Forest Service*, No. CIV.
3  S-06-407 LKK/GGH, 2007 WL 1725494, at *2 (E.D. Cal. June 14, 2007).
4        IT IS THEREFORE ORDERED that defendant's bill of costs is granted in part
5  and denied in part as discussed above; defendant is directed to submit an amended bill of costs in
6  conformance with this order within twenty-one (21) days.
7  DATED: August 5, 2013.

                                       UNITED STATES DISTRICT JUDGE